IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01951-BNB

PATRICK M. HAWKINSON,

Applicant,

v.

ARISTEDES ZAVARAS, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 1 8 2008

GREGORY C. LANGHAM
CLERK

## ORDER TO DISMISS IN PART AND TO DRAW CASE TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

Applicant, Patrick M. Hawkinson, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Arkansas Valley Correctional Facility in Crowley, Colorado. Mr. Hawkinson initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Bent County, Colorado, district court case number 04CR11. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

In an order filed on September 17, 2008, Magistrate Judge Boyd N. Boland ordered Respondents to file within twenty days a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On September 30, 2008, Respondents filed their pre-answer response. Despite being given the

opportunity to do so, Applicant failed to file a reply to the pre-answer response. He did, however, on October 20, 2008, file two motions, both of which will be denied as premature.

The Court must construe liberally the application filed by Mr. Hawkinson because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss as procedurally barred Mr. Hawkinson's third of his three claims.

While incarcerated in Bent County, Mr. Hawkinson filed two lawsuits in El Paso County against Opal Wilson, claiming that he had performed work on her home and had sold her goods for which she had not paid. He filed false certificates of services and obtained default judgments in both cases. He then filed liens against her property to attempt to collect the judgments. Mr. Hawkinson also filed a lawsuit in Denver County against Cheryl Richardson, alleging that she had falsified documents while working at a community corrections facility where he had resided. He attempted to obtain default judgment by filing a falsified waiver of services and settlement agreement.

For these actions, Mr. Hawkinson was convicted in Bent County District Court case number 04CR11 on two counts of attempted theft and one count of offering a false instrument for recording in the first degree. He pleaded guilty to three habitual criminal counts, and was sentenced on June 1, 2005, to the DOC for a term of

twenty-four years on each of the theft convictions and to a term of twelve years for offering a false instrument, to be served concurrently. On November 29, 2007, the Colorado Court of Appeals affirmed the convictions on direct appeal. *See People v. Hawkinson*, No. 05CA1168 (Colo. Ct. App. Nov. 29, 2007) (not selected for publication). On August 18, 2008, the Colorado Supreme Court denied certiorari review. Mr. Hawkinson did not initiate any state postconviction proceedings. On September 11, 2008, he filed the instant habeas corpus application. Respondents concede that the instant action is filed in a timely manner, i.e., within the one-year limitation period in 28 U.S.C. § 2244(d). Therefore, the Court need not address further the one-year limitation period.

Mr. Hawkinson asserts three claims: (1) that the state district court abused its discretion, exceeded it jurisdiction, and violated his due process rights by trying him without any arraignment or plea being entered; (2) that the state district court abused its discretion and violated his due process rights by allowing the prosecution to amend the information after trial had started; and (3) that the state district court exceeded its jurisdiction and violated his speedy trial rights under the Uniform Mandatory Disposition of Detainers Act.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion

requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the highest state court in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Respondents also concede that Mr. Hawkinson exhausted state remedies on direct appeal for his first and second claims but argue that he failed to exhaust state court remedies for his third claim. Respondents specifically base their assertion that Mr. Hawkinson exhausted his first and second claims on the fact that, in his first claim, Mr. Hawkinson argued that the trial court's failure to arraign him violated his due process rights under the state and federal constitutions, and cited a federal supreme court case for the proposition that "[a]rraignment is such a critical stage in the due process of the criminal prosecution that it requires reversal of conviction even though no prejudice is down." *See* pre-answer response at ex. A1, at 18. Respondents contend that, in his second claim, he mainly cited Colorado cases and law but also asserted that "[t]he Prosecution's amendment of Counts One and Two after trial started is a violation of Colorado Rules, Statutes and both Constitutions, and violated Defendants [sic] right to defend said counts." *See* pre-answer response at ex. A1, at 11-12.

Respondents argue that Mr. Hawkinson failed to exhaust state court remedies for his third claim because he failed to raise the third claim as a federal constitutional claim in state court. Instead, he cited only to state law, i.e., to Colorado's Uniform Mandatory Disposition of Detainers Act (UMDDA), Colo. Rev. Stat. §§ 16-14-101 to -108, *see* pre-answer response at ex. A2, 49-54, and did not cite to any federal source of law upon which he relied, any case deciding such a claim on federal grounds, or even label his claim as "federal." *See Baldwin v. Reese*, 541 U.S. 27, 32 (2004). Moreover, construction of the UMDDA is a question

of state law, and a claim of a UMDDA violation presents only a claim of a state law violation. *See People v. Trancoso*, 776 P.2d 374 (Colo. 1989).

Having reviewed the state court record currently before the Court, this Court agrees that Mr. Hawkinson has exhausted his first and second claims but not his third. Although Mr. Hawkinson failed to exhaust state court remedies for his third claim for relief, the Court may not dismiss the claim for failure to exhaust state remedies if Mr. Hawkinson no longer has an adequate and effective state remedy available to him. *See Castille*, 489 U.S. at 351. No further state court remedy exists because any future claim would be denied as successive under Colo. R. Crim. P. 35(c)(3), either because it was raised or resolved in a prior appeal, *see* Rule 35(c)(3)(VI), or because it could have been presented in an appeal previously brought, *see* Rule 35(c)(3)(VII). Therefore, the third claim that Mr. Hawkinson failed to exhaust is procedurally defaulted.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991). Mr. Hawkinson's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental

miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Mr. Hawkinson must show that some objective factor external to the defense impeded his ability to comply with the relevant procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *United States v. Salazar*, 323 F.3d 852, 855 (10th Cir. 2003). A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496; *see also United States v. Cervini*, 379 F.3d 987, 991-92 (10th Cir. 2004). A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). To demonstrate a fundamental miscarriage of justice, Mr. Hawkinson first must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Id*. Mr. Hawkinson then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id*. at 327.

Mr. Hawkinson fails to argue any basis for a finding of cause and prejudice or a fundamental miscarriage of justice in this action. Therefore, the Court finds that the third claim Mr. Hawkinson failed to exhaust is procedurally barred because Mr. Hawkinson has failed to demonstrate cause and prejudice or a fundamental miscarriage of justice. Accordingly, it is

ORDERED that the claim three is dismissed as procedurally barred. It is

FURTHER ORDERED that claims one and two and the case are drawn to a district judge and to a magistrate judge. It is

FURTHER ORDERED that the motions that Applicant filed with the Court on October 20, 2008, are denied as premature.

DATED at Denver, Colorado, this 17 day of December, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CERTIFICATE OF MAILING

Civil Action No. 08-cv-01951-BNB

Patrick M. Hawkinson
Prisoner No. 62702
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

Wendy J. Ritz
First Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 12/18/08

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk