IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 08-cv-01951-PAB-KMT

PATRICK M. HAWKINSON,

    Applicant,

v.

ARISTEDES ZAVARAS, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

# ORDER

This matter is before the court on Petitioner's "Motion for Limited Discovery Pursuant to Rule 6 of Rules - Governing 2254 Cases" (Doc. No. 17) filed February 3, 2009.

Petitioner requests that he be allowed to conduct discovery, including requests for admissions and request for documents, in order to ascertain the factual and procedural basis of the issues in this matter.

"A habeas [applicant], unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). The applicant is entitled to discovery only "if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." Rule 6 (a) of the

§ 2254 Rules; *see Smith v. Gibson*, 197 F.3d 454, 459 (10th Cir. 1999). The judge may limit the extent of the discovery, and the petitioner must provide reasons for each request. *Id.*; *see also* Rule 6 (b) of the § 2254 Rules. Good cause is established if the applicant makes specific allegations that give the court "reason to believe that the [applicant] may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy*, 520 U.S. at 908–09 (quotation omitted); *Wallace v. Ward*, 191 F.3d 1235, 1245 (10th Cir. 1999). However, discovery may be inappropriate if the petitioner had an opportunity to conduct discovery and to develop evidence during the state post-conviction proceedings. *Cf. Smith v. Gibson*, 197 F.3d 454, 459 (10th Cir. 1999).

The applicant is not allowed to use discovery as a fishing expedition; he must demonstrate good cause as to what facts he intends to develop from this discovery, and must specify why those facts and his requests would be relevant to his claims in light of the provisions of 28 U.S.C. § 2254(e)(1) & (2), which, among other things, limit the scope of fact finding by this court. The function of this court on habeas review is not to determine guilt or innocence, but to determine whether "[h]e is in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c)(3), based on an adjudication in the state court which satisfies the mandates of 28 U.S.C. § 2254(d).

Here, Petitioner has made overly broad and conclusory statements without attaching the proposed discovery requests he intends to propound on Respondents.[1] Therefore, it is impossible for the court to determine whether the discovery should be allowed. In addition, Petitioner has not explained why discovery is necessary to obtain the information he seeks or whether, through post-conviction proceedings, he had an opportunity to conduct an investigation and to develop the evidence he seeks. Finally, it appears the information Petitioner seeks is the subject of another motion pending before this court, the motion to strike the response to the habeas petition, and, therefore, Petitioner's request is premature.

Accordingly, it is ORDERED that Petitioner's "Motion for Limited Discovery Pursuant to Rule 6 of Rules - Governing 2254 Cases" (Doc. No. 17) is DENIED without prejudice.

Dated this 9th day of March, 2009.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge

---

[1] Petitioner states in his motion that he has attached twelve proposed requests for admissions and four proposed requests for documents. However, the proposed discovery requests were not attached to the motion.