IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 08-cv-01951-PAB-KMT

PATRICK M. HAWKINSON,

    Applicant,

v.

ARISTEDES ZAVARAS, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

# ORDER

    This matter is before me on Petitioner's "Motion for the Court to Reconsider it's [sic] Order Regarding Applicant's Motion to Appoint Counsel" (Doc. No. 23) filed February 18, 2009 and Petitioner's "Motion for Evidentiary Hearing Pursuant to Rule 8 of the Rules Governing Section 2254 Cases" (Doc No. 24) filed February 18, 2009. The petitioner seeks appointment of counsel to assist him in this matter. The petitioner's request is premature. "In most federal courts, it is the practice to appoint counsel in post-conviction proceedings only after a petition for post-conviction relief passes initial judicial evaluation <u>and</u> the court has determined that issues are presented calling for an evidentiary hearing." *Johnson v. Avery*, 393 U.S. 483, 487 (1969) (emphasis added).

"In most federal courts, it is the practice to appoint counsel in post-conviction proceedings only after a petition for post-conviction relief passes initial judicial evaluation <u>and</u> the court has determined that issues are presented calling for an evidentiary hearing." <u>Johnson v. Avery</u>, 393 U.S. 483, 487 (1969) (emphasis added).

An evidentiary hearing is necessary only under the following circumstances:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
>
>     (A)    the claim relies on--
>
>         (i)    a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>         (ii)    a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
>     (B)    the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

Upon review of the petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, I find that the petitioner has failed to establish any of the requisites for an evidentiary hearing. Accordingly,

IT IS ORDERED that the "Motion for the Court to Reconsider it's [sic] Order Regarding Applicant's Motion to Appoint Counsel" (Doc. No. 23) and the "Motion for Evidentiary Hearing Pursuant to Rule 8 of the Rules Governing Section 2254 Cases" (Doc No. 24) are **DENIED**.

Dated this 9th day of March, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge