IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-01951-PAB

PATRICK M. HAWKINSON,

    Petitioner,

v.

ARI ZAVARAS, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

# ORDER

---

This matter is before the Court on Petitioner Patrick M. Hawkinson's *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Docket No. 3] ("the Petition"). Respondents filed an Answer [Docket No. 15] to the Petition, and Petitioner filed a Traverse [Docket No. 36]. After reviewing the record, including the Petition, the Answer, the Traverse, and the state court record, the Court concludes that the Petition should be denied and the case dismissed with prejudice.

**I.  Background**

Petitioner is challenging the validity of his convictions following a jury trial in case number 04CR11 in the Bent County District Court ("the trial court"). The factual basis for the charges and convictions accurately was summarized by the Colorado Court of Appeals as follows:

> While incarcerated in Bent County, [Petitioner] filed two lawsuits in El Paso County against O.W., claiming that he had performed work on her home and had sold her

> goods for which she had not paid. He filed false certificates of service and obtained default judgments in both cases. He then filed liens against her property to attempt to collect the judgments. For these actions, [Petitioner] was convicted of two counts of attempted theft.
>
> [Petitioner] also filed a lawsuit in Denver County against C.R., alleging that she had falsified documents while working at a community corrections facility where he had resided. He attempted to obtain default judgment by filing a falsified waiver of service and settlement agreement. For that action, [Petitioner] was convicted of offering a false instrument for recording in the first degree.
>
> [Petitioner's] guilty plea to three habitual criminal counts enhanced the sentences of each of these convictions.

*People v. Hawkinson*, No. 05CA1168 (Colo. Ct. App. Nov. 29, 2007) (unpublished decision) [Docket No. 15-5, Ex. D at p.3]. On June 1, 2005, Petitioner was sentenced to concurrent terms of twenty-four years in prison on each of the attempted theft counts and twelve years in prison for offering a false instrument. The trial court ordered that the sentences in 04CR11 run consecutively to any other sentence Petitioner was serving. The judgment of conviction was affirmed on direct appeal. *See id.* On August 18, 2008, the Colorado Supreme Court denied Petitioner's petition for writ of certiorari on direct appeal.

Petitioner raises the following three claims for relief in the Petition:

1. The trial court abused its discretion, exceeded its jurisdiction, and violated his due process rights by trying, convicting, and sentencing him without any arraignment or plea being entered.

2. The trial court abused its discretion and violated his due process rights by allowing the prosecution to amend the information after trial had started.

2

> 3. The trial court exceeded its jurisdiction and violated his speedy trial rights under the Uniform Mandatory Disposition of Detainers Act.

During the initial review of this action, Senior Judge Zita Leeson Weinshienk entered an order [Docket No. 11] that was filed on December 18, 2008, dismissing Petitioner's third claim for relief as procedurally barred. As a result, only Petitioner's first two claims for relief remain pending before the Court. Respondents concede that these claims are timely and exhausted.

## II. Standard of Review

The Court must construe the Petition and other papers filed by Petitioner liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

Title 28 U.S.C. § 2254(d) provides that a writ of habeas corpus may not be issued with respect to any claim that was adjudicated on the merits in state court unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Claims of legal error and mixed questions of law and fact are reviewed pursuant to 28 U.S.C. § 2254(d)(1). *See Cook v. McKune*, 323 F.3d 825, 830 (10th Cir. 2003).

The threshold question pursuant to § 2254(d)(1) is whether Petitioner seeks to apply a rule of law that was clearly established by the Supreme Court at the time his conviction became final. *See Williams v. Taylor*, 529 U.S. 362, 390 (2000). Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Id*. at 412. Furthermore,

> clearly established law consists of Supreme Court holdings in cases where the facts are at least closely-related or similar to the case *sub judice*. Although the legal rule at issue need not have had its genesis in the closely-related or similar factual context, the Supreme Court must have expressly extended the legal rule to that context.

*House v. Hatch*, 527 F.3d 1010, 1016 (10th Cir. 2008).

If there is no clearly established federal law, that is the end of the Court's inquiry pursuant to § 2254(d)(1). *See id*. at 1018. If a clearly established rule of federal law is implicated, the Court must determine whether the state court's decision was contrary to or an unreasonable application of that clearly established rule of federal law. *See Williams*, 529 U.S. at 404-05.

> A state-court decision is contrary to clearly established federal law if: (a) "the state court applies a rule that contradicts the governing law set forth in Supreme Court cases"; or (b) "the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from [that] precedent." *Maynard* [*v. Boone*], 468 F.3d [665,] 669 [(10th Cir. 2006)] (internal quotation marks and brackets omitted) (quoting *Williams*, 529 U.S. at 405). "The word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'" *Williams*, 529 U.S. at 405 (citation omitted).
>
> A state court decision involves an unreasonable application of clearly established federal law when it

4

> identifies the correct governing legal rule from Supreme Court cases, but unreasonably applies it to the facts. *Id*. at 407-08. Additionally, we have recognized that an unreasonable application may occur if the state court either unreasonably extends, or unreasonably refuses to extend, a legal principle from Supreme Court precedent to a new context where it should apply.

*House*, 527 F.3d at 1018.

The Court's inquiry pursuant to the "unreasonable application" clause is an objective inquiry. *See Williams*, 529 U.S. at 409-10. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." *Id*. at 411. "[A] decision is 'objectively unreasonable' when most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law." *Maynard*, 468 F.3d at 671. "[O]nly the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254." *Id*.

Claims of factual error are reviewed pursuant to 28 U.S.C. § 2254(d)(2). *See Romano v. Gibson*, 278 F.3d 1145, 1154 n.4 (10th Cir. 2002). Section 2254(d)(2) allows the Court to grant a writ of habeas corpus only if the relevant state court decision was based on an unreasonable determination of the facts in light of the evidence presented to that court. Pursuant to § 2254(e)(1), the Court must presume that the state court's factual determinations are correct and Petitioner bears the burden of rebutting the presumption by clear and convincing evidence. "The standard is demanding but not insatiable . . . [because] '[d]eference does not by definition preclude relief.'" *Miller-El v.*

5

*Dretke*, 545 U.S. 231, 240 (2005) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)).

Finally, the Court "owe[s] deference to the state court's *result*, even if its reasoning is not expressly stated." *Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999). Therefore, the Court "must uphold the state court's summary decision unless [the Court's] independent review of the record and pertinent federal law persuades [the Court] that its result contravenes or unreasonably applies clearly established federal law, or is based on an unreasonable determination of the facts in light of the evidence presented." *Id*. at 1178. "[T]his 'independent review' should be distinguished from a full de novo review of the petitioner's claims." *Id*.

If a claim has not been adjudicated on the merits in state court, and also is not procedurally barred, the Court must review the claim *de novo* and the deferential standards of § 2254(d) do not apply. *See Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004).

### III. Merits of Petitioner's Claims

#### A. Claim One

Petitioner first claims that the trial court abused its discretion, exceeded its jurisdiction, and violated his due process rights by trying, convicting, and sentencing him without any arraignment or plea being entered. Petitioner specifically argues in support of his first claim that he was denied due process because Colorado state law requires an arraignment and entry of a plea in every criminal case. He further argues that the lack of an arraignment and plea deprived the trial court of jurisdiction. Finally,

although Petitioner contends that the absence of an arraignment and plea is a structural error that does not require a showing of prejudice, he also argues that he was prejudiced by the absence of an arraignment and plea because: (1) he was denied his right to request a bill of particulars following arraignment; (2) he was denied his right to file motions under Rule 12 of the Colorado Rules of Criminal Procedure; (3) he was denied the opportunity to engage in knowing, voluntary, and intelligent plea negotiations because he was unaware of the possible penalties he faced; and (4) he was unaware of the criminal charges he faced and how to defend against those charges. Mem. of Law in Supp. of Petition [Docket No. 4] at 7-8.

The Colorado Court of Appeals rejected Petitioner's claim challenging the lack of an arraignment and entry of a plea "[b]ecause [Petitioner] went to trial without objecting to any irregularity in his arraignment, and because any irregularity did not undermine his substantial rights." *People v. Hawkinson*, No. 05CA1168 (Colo. Ct. App. Nov. 29, 2007) (unpublished decision) [Docket No. 15-5, Ex. D at p.5]. The state court relied on § 16-7-208 of the Colorado Revised Statutes, which provides in relevant part that "[i]f for any reason a plea has not been entered, the case shall for all purposes be considered as one in which a plea of not guilty has been entered." The state court also cited § 16-7-203 of the Colorado Revised Statutes, which provides in relevant part that "[n]o irregularity in the arraignment which does not affect the substantial rights of the defendant shall affect the validity of any proceeding in the cause if the defendant . . . proceeds to trial without objecting to the irregularity."

Clearly established federal law provides that "[d]ue process of law . . . does not require the state to adopt any particular form of procedure, so long as it appears that

7

the accused has had sufficient notice of the accusation and an adequate opportunity to defend himself in the prosecution." *Garland v. Washington*, 232 U.S. 642, 645 (1914). Because this standard focuses on the sufficiency of the notice and adequacy of the defendant's opportunity to defend himself, it is clear that the absence of an arraignment and plea is not a structural error that defies harmless-error analysis. *See Arizona v. Fulminante*, 499 U.S. 279, 310 (1991) (stating that structural error is a "defect affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself"). Therefore, Petitioner cannot succeed on his first claim unless he was prejudiced either by a lack of notice of the accusation or a lack of an adequate opportunity to defend against the charges.

The Court finds, based on a review of the state court record, that Petitioner had sufficient notice of the charges against him and an adequate opportunity to defend himself against those charges. Petitioner initially was charged by information on August 16, 2004 with three counts of offering a false instrument and two counts of attempted theft. State Court R., v.I, p.46. On September 15, 2004, the trial court held a preliminary hearing on those charges and, at the conclusion of the hearing, made the following findings:

> The defendant is charged as noted by the prosecutor with five counts. One, four, and five being offering a false instrument for recording, and counts two and three being criminal attempt with regards to attempts to recover money in the lawsuits. The Court has heard the testimony here today. I've admitted numerous documents. I've read the statute that's in question here, 18-5-114. It says a person commits offering a false instrument for recording in the first degree if knowing that a written instrument relating to or affecting real or personal property or directly affecting contractual relationships contains a material false statement

or material false information, and with intent to defraud he presents or offers it to a public office or a public employee with the knowledge or belief that it will be registered, filed, or recorded, or become a part of the records of that public office or public employee. The evidence here shows that there's probable cause, the Court believes, with regards to each of the lawsuits filed in El Paso County and the one filed in Denver. That with regards to the El Paso County cases, the returns of service were not true and accurate. Those returns of service were rendered by the defendant to the Clerk of the District Court, which the Court determines is a public office or a public employee, and that the testimony was that the persons who purportedly signed the documents, the return of service, did not. There is other evidence from the investigator here that the person's [sic] whose signatures proport [sic] to be on the documents, as regards to Mr. Lucas, was not in fact that of Mr. Lucas. There's other information as to the second El Paso case, I believe, that the defendant was not at the location where I believe she is alleged that she was served by – was served on the date and time that she was served. With regards to the Denver case, there is indication that the document presented, the waiver of service and settlement agreement according to the affidavit of Cheryl Richardson, was not signed by her. That is, I think, born out by the testimony of the expert here today. The Court further finds that the defendant took substantial steps towards the commission of theft from Miss Wilson by filing lawsuits that were substantially incorrect and made erroneous allegations of facts which did not exist and which could not have been proven, and that he further, having obtained false judgements based upon falsified documents, attempted to make collection, there from, by taking collection steps and efforts in the nature of recording the liens against the real property of Miss Wilson in both instances. Those steps, I think, constitute substantial steps in the commission of an attempted theft over a dollar limit alleged in the petition of $15,000 in each case. The Court determines that there is probable cause to believe that the offenses charged in counts one through five were committed by the defendant. Therefore, the Court believes he should be bound over to answer further with regards to these charges.

State Court R., v.III, 9/15/04 Hr'g at pp.86-88. At the conclusion of the trial court's

findings, counsel for Petitioner declined the trial court's offer to set the matter for an arraignment because Petitioner was demanding a speedy trial. *Id.*, p.88. On September 30, 2004, an amended information was filed charging Petitioner with two counts of attempted theft, one count of offering a false instrument, and ten habitual criminal counts. State Court R., v.I, pp.89-95. Later, during Petitioner's trial, the trial court directed

> the clerk to make an entry that the plea of not guilty was entered in this matter in September of '04 when the case was originally set for trial during proceedings in Ordway. The record will reflect that that plea of not guilty was entered that date based upon the Court's determination today. That it was implicit that a plea of not guilty was entered when the case was agreed to be set for trial.

State Court R., v.VI, p.659. Finally, at a hearing on April 20, 2005, the trial court gave the following reasons for denying Petitioner's postconviction motion to dismiss:

> The Court denies the Motion to Dismiss for Lack of Arraignment. Uh, I find that there was implicitly throughout the proceedings here. An arraignment as we move down through the various stages of the case, and I don't think that there was any objection to the Court attempting to meet the defendant's request for speedy trial in this matter. And, I think that he was well aware of the charges against him. The case cited in Paragraph Three People versus Myers 617 P2ND 808 talks about, I think, preliminary hearing with regards to right to engage counsel. Well, here there certainly was counsel engaged at every critical stage I think of these proceedings, and there was no objection, as the Court recalls, by counsel to case proceeding to trial.
>
> The Court was I guess somewhat in a dilemma between honoring the defendant's request to proceed to trial as rapidly as possible. And, backing up and conducting a formal arraignment which would have been for naught, because the defendant's rights were fully protected here in that there was no right waived, and there was, he was afforded his full panoply of rights in terms of jury trial. And,

> the Court sees no violation here. The Motion to Dismiss for
> Lack of Arraignment is denied.

State Court R., v.IV, 4/20/05 Hr'g at pp.12-13.

It is clear to the Court, particularly based on the trial court's factual findings at the conclusion of the preliminary hearing, that Petitioner was made aware of the charges he was facing and that he had an adequate opportunity to defend against those charges. Pursuant to 28 U.S.C. § 2254(e)(1), the Court must presume that the trial court's factual determinations at the preliminary hearing are correct, and Petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. Petitioner has not presented any evidence, let alone clear and convincing evidence, to rebut the presumption of correctness that attaches to those factual findings.

In light of the trial court's factual findings, the Court also finds that the Colorado Court of Appeals' decision rejecting Petitioner's claim challenging the lack of an arraignment and entry of a plea is neither contrary to nor an unreasonable application of clearly established federal law. Petitioner fails to demonstrate that he suffered any prejudice, in the form of a lack of adequate notice of the charges or a lack of an adequate opportunity to defend against those charges, as a result of the failure either to conduct a formal arraignment or to formally enter a plea. As a result, Petitioner's first claim for relief lacks merit and will be dismissed.

**B. Claim Two**

Petitioner alleges in his second claim that the trial court abused its discretion and violated his due process rights by allowing the prosecution to amend the information after trial had started. Petitioner alleges in support of claim two that neither count of

attempted theft included the essential elements of attempted theft. More specifically, he alleges that the attempted theft counts did not specify: (1) either the object of the attempted theft or the purported victim of the attempted theft; (2) the date certain of the alleged crimes; and (3) that the crime was based on criminal acts in Bent County alleged to be in furtherance of a crime in El Paso County. Mem. of Law in Supp. of Petition [Docket No. 4] at 9-10. Petitioner contends that, after his trial had started and during jury instructions, defense counsel's motion to dismiss the attempted theft counts was denied and the trial court allowed the prosecution to amend those counts to add the essential elements. Petitioner argues that he was prejudiced by the insufficient information because he was unaware of the specific offenses he was charged with committing and he could not prepare a defense to those charges.

The two counts of attempted theft in the amended information filed against Petitioner on September 30, 2004, charged as follows:

> COUNT ONE
> CRIMINAL ATTEMPT
> (CLASS FOUR FELONY)
>
> On or between December 14, 2002, and March 11, 2003, in the said County of BENT in the State of Colorado, PATRICK HAWKINSON did unlawfully attempt to commit the crime of THEFT, OVER $15,000.00 and did engage in conduct constituting a substantial step toward the commission of said crime, as defined by 18-4-401 C.R.S.; in violation of 18-2-101 C.R.S.
>
> COUNT ONE
> CRIMINAL ATTEMPT
> (CLASS FOUR FELONY)
>
> On or between March 5, 2003, and May 16, 2003, in the said County of BENT in the State of Colorado, PATRICK HAWKINSON did unlawfully attempt to commit the crime of

12

> THEFT, OVER $15,000.00 and did engage in conduct
> constituting a substantial step toward the commission of said
> crime, as defined by 18-4-401 C.R.S.; in violation of 18-2-
> 101 C.R.S.

State Court R., v.I, p.89.

At the close of the People's case, defense counsel moved to dismiss Counts One and Two, the attempted theft counts, arguing that the amended information did not adequately state the charges. Defense counsel specifically noted that Counts One and Two in the amended information did not name a victim, did not state what was taken or attempted to be taken, and, because the counts overlapped in time, made it hard to determine "[w]hether count one or count two applies to which particular alleged offense in this case." State Court R., v.VI, p.576. After the prosecution moved to amend Counts One and Two to identify Opal Wilson as the victim in each count, defense counsel argued that such an amendment would be an amendment of substance rather than form.

Ultimately, the trial court denied defense counsel's motion to dismiss Counts One and Two and allowed the amendment of the information to name Opal Wilson as the victim based on the following reasoning:

> The Court notes that counts one and two both
> charged the defendant with criminal attempt, as each charge
> of criminal attempt to commit theft. The Court determines at
> this time that the charge is adequate because it does allege
> that there was an allegation – that there was an action by
> the defendant to commit a substantial step toward the
> commission of the crimes of theft. I don't believe that the
> statute on attempt further requires the identification of a
> specific individual as the object of the attempt, or a specific
> entity as being the object of the attempt in contrast to what I
> think the statute may require if the charge was only that of
> theft. In addition, I believe that the information charges in

13

> the final and concluding paragraph that the actions of the
> defendant were against the peace and dignity of the People
> of the State of Colorado, which I believe includes an
> identification of the People of the State of Colorado as an
> alleged victim of the defendant's actions, if that's necessary
> to support the charge of theft in this matter. To the extent
> that it may be necessary, the Court would allow the
> information to be amended by the prosecution at this time to
> name Opal Wilson, or her estate, or successors there –
> (inaudible) assigns to be victims. However, I don't think that
> that is necessary. I think it's very clear from the evidence as
> to the victims in this matter if, in fact, they need to be
> alleged. For those cited reasons, the motion to dismiss as
> to counts one and two is respectfully denied.

State Court R., v.VI, p.581-82. On direct appeal, the Colorado Court of Appeals rejected Petitioner's claim challenging the amendment of the information because "the amendment was one of form" and "it was clear from the evidence that the alleged victim was O.W. [a]nd [Petitioner] has not demonstrated that he was prejudiced in any way." *People v. Hawkinson*, No. 05CA1168 (Colo. Ct. App. Nov. 29, 2007) (unpublished decision) [Docket No. 15-5, Ex. D at p.12].

It was clearly established when Petitioner was convicted "that a court cannot permit a defendant to be tried on charges that are not made in the indictment against him." *Stirone v. United States*, 361 U.S. 212, 217 (1960). As a result, "[a] charging instrument may violate the Sixth Amendment by failing to provide a defendant with adequate notice of the nature and cause of the accusations filed against him." *Johnson v. Gibson*, 169 F.3d 1239, 1252 (10th Cir. 1999). In determining whether Petitioner had adequate notice of the nature and cause of the accusations filed against him prior to trial, the Court may consider the charges as stated in the amended information as well as the evidence presented at Petitioner's preliminary hearing and through discovery.

*See Sallahdin v. Gibson*, 275 F.3d 1211, 1227 (10th Cir. 2002) (analyzing adequacy of a charging document by considering the information and other material available at the preliminary hearing and through discovery).

The Court concluded above in the context of Petitioner's first claim for relief that Petitioner was made aware of the charges he faced and that he had an adequate opportunity to defend against those charges. That conclusion was based in large part on the trial court's factual findings at the end of Petitioner's preliminary hearing. Because the trial court's findings at the conclusion of Petitioner's preliminary hearing regarding the attempted theft counts also are relevant to his second claim, that portion of the trial court's findings will be quoted again.

> The Court further finds that the defendant took substantial steps towards the commission of theft from Miss Wilson by filing lawsuits that were substantially incorrect and made erroneous allegations of facts which did not exist and which could not have been proven, and that he further, having obtained false judgements based upon falsified documents, attempted to make collection, there from, by taking collection steps and efforts in the nature of recording the liens against the real property of Miss Wilson in both instances. Those steps, I think, constitute substantial steps in the commission of an attempted theft over a dollar limit alleged in the petition of $15,000 in each case.

State Court R., v.III, 9/15/04 Hr'g at pp.87-88.

As noted above, the Court must presume that the trial court's factual determinations are correct, and Petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). Once again, Petitioner has not presented any evidence, let alone clear and convincing evidence, to rebut the presumption of correctness that attaches to these

factual findings. As a result, the Court again concludes that Petitioner had adequate notice of the charges in Counts One and Two prior to trial and that he had an adequate opportunity to defend against those charges.

Furthermore, Petitioner fails to demonstrate that he suffered any prejudice as a result of the alleged lack of notice. The Court's review of the state court record makes it abundantly clear that Petitioner was convicted of attempted theft for his actions with respect to two lawsuits he filed in the El Paso County District Court against Opal Wilson. Petitioner's conclusory assertion that he was unable to defend against the attempted theft charges, in the absence of any discussion of the defense he would have mounted if he had adequate notice prior to trial, is not sufficient to demonstrate prejudice.

In conclusion, because the Court finds that Petitioner had adequate notice of the nature and cause of the accusations filed against him, his second claim also will be dismissed. The state court's decision rejecting this claim is neither contrary to nor an unreasonable application of clearly established federal law. Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Docket No. 3] is denied and this case is dismissed with prejudice. It is further

ORDERED that there is no basis on which to issue a certificate of appealability

pursuant to 28 U.S.C. § 2253(c).

DATED May 17, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge