IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-01951-PAB

PATRICK M. HAWKINSON,

    Petitioner,

v.

ARI ZAVARAS, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

# ORDER

This matter is before the Court on Petitioner Patrick M. Hawkinson's two *pro se* motions to alter judgment pursuant to Fed. R. Civ. P. 59(e) [Docket Nos. 52, 53] as well as his motion to stay [Docket No. 57]. On May 17, 2010, the Court denied petitioner's application for writ of habeas corpus [Docket No. 50], and the next day the clerk entered judgment in favor of respondents [Docket No. 51]. Petitioner filed his motions requesting that the Court reconsider its entry of judgment on June 1, 2010, within twenty-eight days of the entry of judgment [Docket Nos. 52, 53].

## I. MOTIONS TO ALTER JUDGMENT

### A. Standard of Review

Petitioner appears *pro se* in this case and, as a result, the Court must review his claims liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

Because Rule 59(e) circumvents the normal appeals process, relief under the rule is strictly prescribed: "Rule 59(e) relief is appropriate only where the court has misapprehended the facts, a party's position, or the controlling law." *Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (internal quotation marks omitted). The basis for a motion to reconsider "must not have been available at the time the first motion was filed." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.*

### B. <u>Analysis</u>

Petitioner's first Rule 59(e) motion [Docket No. 52] primarily takes issue with the Court's conclusion regarding the trial court's findings of fact. The Court found that plaintiff did not present any evidence to overcome the presumption that the state trial court was correct when it found that he received adequate notice of the charges against him despite his lack of arraignment. Docket No. 50 at 11. In his motion, petitioner does not present anything which would undermine the Court's deference to the trial court or suggest it was in error. *See* S*ervants of the Paraclete v. Does*, 204 F.3d at 1012. Petitioner's first motion also continues to assert that prejudice resulted from his lack of arraignment, *see* Docket No. 52 at 5-6; however, petitioner's arguments as to prejudice were already considered and rejected by the Court in its original order. *See* Docket No. 50 at 7-8.

Petitioner's second Rule 59(e) motion [Docket No. 53] presents material not

previously before the Court insofar as it submits a page that was previously missing from petitioner's memorandum of law in support of his 28 U.S.C. § 2254 application [Docket No. 4].  This previously missing page, however, only advances petitioner's argument that his lack of arraignment was structural error such that he was not required to show actual prejudice.  *See* Docket No. 53 at 5.  The Court addressed and rejected this argument in its original order.  *See* Docket No. 50 at 8 ("it is clear that the absence of an arraignment and plea is not a structural error that defies harmless-error analysis").

Upon consideration of petitioner's liberally construed Rule 59(e) motions, the Court finds that Mr. Hawkinson fails to demonstrate the existence of an intervening change in controlling law or new evidence and fails to convince the Court of any need to correct clear error or prevent manifest injustice.  The motions to alter the judgment will be denied.

## II.  MOTION TO STAY

Petitioner additionally moved to stay this case pending the resolution of his motion pursuant to Colorado Rule of Criminal Procedure 35(c) for postconviction relief in state court.  Plaintiff appears to be pursuing a claim of ineffective assistance of counsel in state court, *see* Docket No. 57 at 1, a claim which was not raised in his 28 U.S.C. § 2254 application [Docket No. 11].  Although courts sometimes stay habeas petitions while a petitioner returns to state court to exhaust his state remedies, such a stay requires a showing of good cause for failure to exhaust.  *See Duty v. Workman*, 366 F. App'x 863, 879 (10th Cir. 2010).  Petitioner offers no reasons for failing to previously exhaust the claim he is now pursuing in state court, and the Court finds no

good cause is present.  *See id.*  The motion to stay will therefore be denied.

## III. CONCLUSION

Accordingly, it is

ORDERED that petitioner's "Motion for the Court to Reconsider its Order [Doc #50] and Judgment [Doc #51] Pursuant to Rule 59, Fed. R. Civ. P.; Re: Incorrect Factual Findings & Prejudice in Lack of Adequate Notice of Charges" [Docket No. 52] is DENIED.  It is further

ORDERED that petitioner's "Motion for the Court to Reconsider its Order [Doc #50] and Judgment [Doc #51] Pursuant to Rule 59, Fed. R. Civ. P.; Re: Missing Document and Prejudice in Lack of Opportunity to Defend Charges" [Docket No. 53] is DENIED.  It is further

ORDERED that petitioner's "Motion to Stay Habeas Corpus Proceeding Pending Resolution of State Court Postconviction Matter" [Docket No. 57] is DENIED.


DATED January 11, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge